IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 17-03257 (ESL) |
| ANGELINA OCASIO SERRANO | CHAPTER 7 |
| Debtor | |
| BANCO POPULAR DE PUERTO RICO | |
| Plaintiff | |
| vs. | ADV. PROC. NO. 20-0088 (ESL) |
| ANGELINA OCASIO SERRANO | |
| Defendant | |

OPINION AND ORDER

The issue before the court is whether the complaint filed by Banco Popular de Puerto Rico ("BPPR") seeking to revoke the discharge order entered in the bankruptcy petition should be dismissed for having been filed late. The matter was discussed at the pretrial hearing held on October 23, 2020 (See minutes at docket #28.), wherein the court ordered the parties to file legal memoranda in support of their respective positions. BPPR filed its memorandum on November 30, 2020 (dkt. #33) and the debtor/defendant filed her memorandum in opposition on December 17, 2020 (dkt. #34).

The court has jurisdiction over the instant adversary proceeding pursuant to 28 U.S.C. § 1334 and venue is proper under 28 U.S.C. § 1409. The matter before the court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

The critical fact behind BPPR's action is the alleged disposition by the debtor of a property and depriving the estate of the value of the same for the benefit of creditors. BPPR submits in its legal memorandum that it has a cause of action for the revocation of debtor's discharge pursuant to 11 U.S.C. §§ 727(d)(1) and 727(d)(2).

Position of the Parties

BPPR

BPPR contents that Debtor's act of concealment of property of the estate was two-fold. First, Debtor did not initially disclose her 50% ownership of real property, which she co-owned with her late husband's hereditary estate. This type of concealment is allegedly grounds for revocation of Debtor's discharge under 11 U.S.C. §727(d)(1). BPPR also contends that pursuant to the provisions of her husband's will, the Debtor acquired the right to increase her participation in said asset to 100% ownership. A concealment of this increase in Debtor's proprietary interest also constitutes grounds for revocation of Debtor's discharge under 11 U.S.C. §727(d)(2).

BPPR alleges that the action is timely under 11 U.S.C. §727(e)(1), that allows for a trustee, creditor, or the United States trustee to seek revocation of a discharge within one year after such discharge is granted. BPPR states that the Debtor obtained her discharge on August 31, 2017, "more than a year before BPPR discovered that the Property had been omitted from Debtor's Bankruptcy petition. BPPR is aware that its claim is being brought past the one-year term set forth in Section 727(e)(1), but it respectfully sustains that its claim under Section 727(d)(1) is nevertheless timely."

BPPR argues that the time limit imposed by Section 727(e)(1) is not a "jurisdictional" constraint and cites to a Ninth Circuit Court of Appeals case which held that the term imposed by Section727(e)(1) "…is an ordinary, run-of-the-mill statute of limitations, specifying the time within which a particular type of action must be filed." Weil v. Elliott, 859 F.3d. 812 (9th Cir. 2017).  Since the one-year filing deadline imposed by 11 U.S.C. § 727(e)(1) is a non-jurisdictional "claim-processing rule, BPPR submits that its Section 727(d)(1) is timely as it was brought shortly after discovery of the alleged concealment of Debtor's 50% participation in the Property."

BPPR also invokes the equity powers of the bankruptcy court arguing that the court "also has the power to deem BPPR's Section 727(d)(1) claim as timely, notwithstanding the statutory filing deadline set forth in Section 727(e)(1). BPPR alleges that section 105(a) of the Bankruptcy Code[1] permits a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code."

---

[1] Unless otherwise stated, all references to "Bankruptcy Code" or "Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101 – 1532.  All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure.

Debtor/Defendant

The debtor opposes BPPR's allegations stating that the complaint includes causes of action under § 727(a)(4) and not pursuant to sections 727(d)(1) and 727(d)(2). The complaint was filed beyond the one-year time limit. Debtor also questions the factual allegations regarding the concealment of the property. In summary, the debtor posits that the totality of the circumstances of this case do not merit that the one-year limitations to file the complaint be disregarded.

Facts

The material and relevant facts to determine whether the complaint seeking to revoke the discharge was timely filed are uncontested. The statutory basis in the complaint is section 727(a)(4)(A). However, section 727(a)(4)(A) applies to objections to the entry of a discharge order. Since a discharge order has already been entered in this case, the applicable section to seek the revocation of a discharge order is §727(d).

The discharge order in this case was entered on August 31, 2017. On July 2, 2019 BPPR moved the court to reopen the case. The request was denied on July 15, 2019 as the case had not been closed. On October 8, 2019 the chapter 7 trustee filed a report of no distribution and gave notice to all parties in interest. On November 15, 2019 the case was closed.

On March 24, 2020 BPPR moved the court to reopen the case and to set aside debtor's discharge. On April 13, 2020 the court granted the request to reopen the case but denied the request to set aside the discharge order "since a request to revoke a discharge requires the filing of an adversary proceeding. Banco Popular de Puerto Rico is granted 30 days to file the same. See Fed. R. Bankr. P. 7001(4)." The court now further states that there is a difference between vacating or setting aside an order and revoking a discharge order, as is the issue before the court in this adversary proceeding. Rule 60 of the Fed. R. Civ. P. provides for the relief from a judgment or order. The same is made applicable to cases under the Bankruptcy Code pursuant to Rule 9024 of the Fed. R. Bankr. P., albeit with some limitations. One of the limitations is that "a complaint

-3-

to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by §727(e) of the Code."

The adversary proceeding to revoke the discharge was filed on June 17, 2020.

Discussion

There are different time limitations prescribed for actions objecting the entry of a discharge order and for actions seeking the revocation of a discharge order.

The time limits to file an objection to a discharge are set forth in Rule 4004(a) of the Fed. R. Bankr. P., that is, no later than 60 days after the first date set for the meeting of creditors under §341(a). The objection to discharge is governed by Part VII of the bankruptcy rules. Thus, a complaint must be filed. In this case a discharge was entered on August 31, 2017. Therefore, the time limits in Bankruptcy Rule 4004 are not applicable.

The time to file a complaint to revoke a discharge order is governed by section 727(e), which states that:

> "The trustee, a creditor, or the United States trustee may request a revocation of discharge-
> > (1) under subsection (d)(1) of this section within one year after such discharge is granted; or
> > (2) under subsection (d)(2) or (d)(3) of this section before the later of ---
> > > (A) one year after the granting of such discharge; and
> > > (B) the date the case is closed.

Since the discharge order was entered August 31, 2017 and the case was closed November 15, 2019, the adversary proceeding to revoke the discharge filed on June 17, 2020 was filed more than one year after the discharge order was entered and after the case was closed.

The time limits in § 727(e) may not be jurisdictional but an affirmative defense that may be forfeited if not timely raised, as found by the court in Weil v. Elliott, 859 F3d 812 (9th Cir. 2017), relying on Kontrick v. Ryan, 540 U.S. 443 (2004). See also Morales-Melecio v. United States, 890 F3d 361, 367 (1st Cir. 2018). However, in this case the time limitations in §727(e) have been timely raised in this case by the debtor/defendant and are the basis for the motion to dismiss the adversary proceeding praying for the revocation of the discharge order. The late filing

of a complaint to revoke a discharge order does not deprive the bankruptcy court of subject matter jurisdiction but is a valid ground for dismissal.  In re Russell, 392 B.R. 315 (Bankr. E.D. Tenn. 2000).[2]

The time limitations with respect to the commencement of an action to revoke a discharge must be strictly construed. An action under § 727(d)(1) for revocation based on fraud action must be filed within one year after the granting of the discharge, and under subsection (d)(2) or (d)(3), within one year after the granting of the discharge or before the case is closed, whichever is later. Hon. Joan N. Feeney (Ret.), Hon Michael G. Williamson and Michael J. Stepan, Esq., Bankruptcy Law Manual, 2019-2, Volume 2, § 10.40, page 743.   The time limits in §727(e), although not jurisdictional are "not a mere statute of limitations, but an essential prerequisite to the proceeding. The year undoubtedly begins to run from the date of entry of the order of discharge, and not from the discovery of the fraud." Alan N. Resnick and Henry J. Sommer, Collier on Bankruptcy, 16th Edition, ¶ 727.18[1].

The uncontested facts show that the action to revoke the discharge order was filed after one year of the entry of the discharge order and after the case was closed.  Therefore, the adversary proceeding is untimely.

The court now addresses BPPR's request that the court employ its equity powers  and find that the action is timely, notwithstanding the statutory filing deadline set forth in Section 727(e)(1).

In In re Reyes Colón, 558 B.R. 563, 566 (Bankr. P.R. 2016), this court analyzed the purpose of equity in bankruptcy as follows:

> "Equity in bankruptcy has been generally related to the 'fresh start' principles. Grogan v. Garner, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Section 105(a) of the Bankruptcy Code, which allows bankruptcy judges to issue orders that are necessary or appropriate to carry out the provisions of the Code, has been used as the basis to claim equitable powers in bankruptcy. Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007).

[2] See the following cases wherein the court denied the motion to dismiss on timeliness grounds as the complaint to revoke the discharge was filed within the time limits of §727(e)(1) and 727(e)(2): In re Anthony, 658 Fed. Appx. 924 (10th Cir. 2016); In re Webster, 2013 WL 145581 (Bankr. R.I. 2013); and In re Crespo, 2014 WL 172302 (Bankr. N.D. Ohio 2014).

This was the rule in the First Circuit after Marrama. See Malley v. Agin, 693 F.3d 28 (1st Cir. 2012). The rule has been admittedly limited to exercising equitable powers to facilitate other code provisions and not a roving commission to do equity. In re Ludlow Hospital Society, Inc., 124 F.3d 22 (1st Cir. 1997). See also In re Nosek, 544 F.3d 34 (1st Cir. 2008). However, the legal scenario changed in 2014. Change in bankruptcy is not a strange concept. As stated by the Supreme Court in Wright v. Union Central Life Ins. Co., 304 U.S. 502, 513, 58 S.Ct. 1025, 82 L.Ed. 1490 (1938): '[t]he subject of bankruptcies is incapable of final definition. The concept changes.' "

The Supreme Court's decision in Law v. Siegel limited the bankruptcy court's ability to exercise its equitable powers if there is a specific statutory requirement. Equitable considerations do not allow a bankruptcy court to contravene express provisions of the Bankruptcy Code. In exercising statutory and inherent powers, a bankruptcy court may not contravene specific statutory provisions. Law v. Siegel, 571 U.S. 415, 420-424, 134 S.Ct. 1188, 1194, 188 L.Ed.2d 146 (2014). Therefore, the court declines to exercise its equitable powers when there is a specific statutory provision governing the time limitations to file a complaint to revoke a discharge.

Moreover, BPPR has been on notice of all critical dates and events in the bankruptcy case. The Debtor included BPPR as an unsecured creditor in Schedule E/F, Part 2, paragraph 4.3, in the amount of $78,600.06; and stated in Schedule D that there were no secured creditors. The notice of filing, 341 meeting of creditors, bar date to file claims and deadlines to file objections to discharge and to the dischargeability of debts (dkt. #4) was notified to BPPR Mortgage Servicing Department. See certificate of service (dkt. #8). BPPR filed proof of claim number 4-1 on July 20, 2017 in the amount of $90,480.82 as an unsecured claim, based on a mortgage note in the amount $92,025.00 issued on June 6, 1997 and a mortgage deed over a property at Barrio Palmarejo, Corozal, Puerto Rico, dated June 6, 1997. The borrowers were Pascual Lopez Osorio and Angelina Ocasio Serrano. The title search dated May 23, 2017, attached to the proof of claim as supporting evidence, shows that the property is registered in the names of José Rios Rivera, Angel Luis Caldero Santiago, and his wife Carmen Teresa Rios Rivera. Therefore, BPPR had actual and reasonable notice of the matters which may adversely affect its interests.

Conclusion

-6-

In view of the foregoing, the court concludes that the adversary proceeding was untimely filed and must be dismissed. Therefore, the debtor/defendant's motion to dismiss is granted. The adversary proceeding is dismissed.

Judgement will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this day 5th of April 2021.

Enrique S. Lamoutte
United States Bankruptcy Judge